# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKKE L. GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-15-666-R |
| ) | |
| DAN REYNOLDS, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, filed a Complaint/Petition (ECF No. 1) and Supplemental Complaint (ECF No. 10) naming Defendants/Respondents purportedly pursuant to sections 28 U.S.C. § 1331 and 1343(A)(4), and 28 U.S.C. § 2254(A) alleging various violations of his constitutional rights and further alleging that his continued confinement is wrongful. Pursuant to an order entered by United States District Judge David L. Russell, this matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is recommended that the Plaintiff's Application (Motion) to Proceed *In Forma Pauperis*, (ECF No. 7), be denied and the matter be dismissed unless the Plaintiff pays the full $400.00 filing fee within twenty (20) days of any order adopting this Report and Recommendation.

A search of the Court's Case Management/Electronic Case Filing system reveals the Plaintiff has on three or more prior occasions, while incarcerated, brought an action or appeal in a Court of the United States that was dismissed on the grounds that it was

frivolous, malicious or failed to state a claim upon which relief may be granted. Title 28 U.S.C. § 1915(g), the so-called "three-strikes provision" of the *in forma pauperis* statute, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision does not bar a "three-strikes" prisoner from filing civil actions, but it does eliminate the privilege of proceeding *in forma pauperis* unless the prisoner can support the application of the imminent-danger exception. A prisoner with three-strikes may, in any event, proceed in civil actions or appeals by prepaying the filing fee. See *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility,* 175 F.3d 775, 778 (10th Cir. 1999).

Taking judicial notice of the Court's records, Plaintiff has previously been denied the privilege of proceeding *in forma pauperis* in civil actions filed in this Court based upon the finding that Plaintiff had, at that time, previously filed three or more civil actions that were dismissed for failure to state a claim for relief and/or as frivolous:

1. *Rickke Leon Green v. Thomas Seymour, Stephanie K. Seymour, John Moore, Deanell Tacha, Wade Brorby, William Holloway, David Ebel, Bobby R. Baldock, Monroe G. McKay, James Logan and Stephen H. Anderson*, Case No. CIV-92-773-B in the United States District Court for the Northern District of Oklahoma.

2. *Rickke Leon Green v. Eldon Simpson and State Board of Examiners of Official Shorthand Reporters,* Case No. 92-785-E in the United States District Court for the Northern District of Oklahoma.

2

3. *Rickke Leon Green v. Hon. Ralph G. Thompson, Chief Judge; Hon. Ronald L. Howland, Magistrate; and R. Thomas Seymour*, Case No. CIV-94-56-R in the United States District Court for the Western District of Oklahoma.

4. *Rickke L. Green v. David C. Phillips III, Guy L. Hurst, Gary Elliott, James H. Payne, Frank H. Seay, Chief Judge, William B. Guthrie, and Susan Brimer Loving*, Case No. CIV-93-1498-T in the United States District Court for the Western District of Oklahoma.

The Court's records clearly demonstrate that the Plaintiff has "three strikes" and that the provisions of 28 U.S.C. § 1915(g) bar him from proceeding *in forma pauperis*. Further, the Complaint reveals nothing that would demonstrate that the imminent danger of serious physical injury exception applies. Accordingly, in order for this action to proceed the Plaintiff must pay the full filing fee of $400.00.

In addition to monetary relief, Plaintiff appears to challenge his conviction and continued confinement. Such a challenge must be brought in a habeas corpus action. *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("A prisoner may use § 1983 to challenge the conditions of his confinement, but habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement."); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding 'attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's

confinement and requests monetary compensation for such conditions.'") (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993)) (citation omitted).

## RECOMMENDATION

It is therefore recommended that the Plaintiff's Application (Motion) to Proceed *In Forma Pauperis*, **(ECF No. 7)** be **DENIED** and that this action be dismissed without prejudice to re-filing unless Plaintiff pays the $400.00 filing fee in full to the Clerk of the Court within twenty (20) days of any order adopting this Report and Recommendation. It if further recommended, that any allegations that challenge the fact or duration of confinement should be dismissed without prejudice. In light of the foregoing recommendation, Plaintiff's Motion for Immediate Court Order Directing Respondents to Return Legal Materials **(ECF No. 2),** Motion to Appoint Counsel **(ECF No. 3)**, Motion for Photocopying Services **(ECF No. 8)** and Motion for Jurisdictional Discovery **(ECF No. 9)** should be **DENIED as MOOT**.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **July 13, 2015** in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on June 26, 2015

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE